**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| HOWARD ANTONIO CASTRO-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | CIVIL ACTION NO.: 5:26-cv-607 |

**REPORT AND RECOMMENDATION**

Respondent filed a Motion to Dismiss, and I directed Petitioner Howard Castro-Gonzalez ("Castro-Gonzalez") to show cause why the Court should not grant the Motion to Dismiss on or before July 25, 2026. Docs. 7, 9. Castro-Gonzalez has not responded to the Motion to Dismiss or this Court's show cause Order, and the times to do so have elapsed. As discussed below in more detail, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Castro-Gonzalez's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's Order, and **DENY as moot** Castro-Gonzalez's Emergency Motion. Doc. 2. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Castro-Gonzalez leave to appeal *in forma pauperis*.

**BACKGROUND**

On April 30, 2026, Castro-Gonzalez brought his § 2241 Petition and states that he entered the United States in 2022 and sought asylum and was paroled into the country. Doc. 1 at 3.

Castro-Gonzalez states his asylum case has stalled without explanation. Id. at 4. After I directed response, Respondent filed a Response and this Motion to Dismiss. Docs. 4, 6, 7. Respondent contends Castro-Gonzalez's detention is mandatory under 8 U.S.C. § 1226(c) based on his criminal convictions. Doc. 7 at 3.

When Castro-Gonzalez failed to respond to the Motion to Dismiss within 14 days of service, id. at 4, the Court ordered Castro-Gonzalez to show cause why the Court should not grant the Motion to Dismiss as unopposed and dismiss Castro-Gonzalez's Petition based on his failure to follow this Court's Orders and Local Rules. Doc. 9. The Court informed Castro-Gonzalez he could show cause by either responding to the Motion or by informing the Court he does not oppose the Motion. Castro-Gonzalez's response was due on or before July 25, 2026. Id. Castro-Gonzalez has not responded to the Motion to Dismiss or this Court's Order, and the times to do so have elapsed.

## DISCUSSION

The Court must now determine how to address Castro-Gonzalez's failure to comply with this Court's Order. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Castro-Gonzalez's Petition and **DENY** Castro-Gonzalez leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Follow This Court's Order

A district court may dismiss a petitioner's claims for failure to prosecute based on Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x

[1] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Castro-Gonzalez was forewarned of the consequences of failing to respond to Respondent's Motion to Dismiss.

716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

---

Doc. 9; see also Local R. 7.5 ("Failure to respond within the applicable time period shall indicate . . . there is no opposition to a motion.").

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Castro-Gonzalez failed to follow this Court's Order, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. Doc. 9; Local R. 7.5. Thus, the Court should **GRANT as unopposed** Respondent's Motion to Dismiss and **DISMISS without prejudice** Castro-Gonzalez's § 2241 Petition. Docs. 1, 7.

**II. Leave to Appeal *in Forma Pauperis***

The Court should also deny Castro-Gonzalez leave to appeal *in forma pauperis*. Though Castro-Gonzalez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Castro-Gonzalez's failure to follow this Court's Order or to respond to the Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Castro-Gonzalez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT as unopposed** Respondent's Motion to Dismiss, **DISMISS without prejudice** Castro-Gonzalez's 28 U.S.C. § 2241 Petition for failure to follow the Court's Order, and **DENY as moot** Castro-Gonzalez's Motion. Docs. 1, 2, 7. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Castro-Gonzalez leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of September, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA